UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., and others,<br><br>    Defendants. | Case No. 13-cv-00903 NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

    Plaintiff Paul Jones' claims arise from a mortgage secured by a deed of trust on his home in Antioch, California. Jones alleges that defendant Wells Fargo, N.A., as successor to Wachovia Mortgage, FSB and Word Savings Bank, FSB, misrepresented the terms of his mortgage, violated the Truth in Lending Act, failed to follow the procedures in California Civil Code § 2923.5 when instituting foreclosure proceedings, violated California's unfair competition law, breached the terms of the mortgage agreement, reported false information to credit reporting agencies, and in so doing, defamed him and presented him in a false light. Wells Fargo moves to dismiss these claims. The issue is whether, for each claim, Jones has stated sufficient facts to state a plausible claim for relief. Because the Court finds that Jones' claims do not plausibly suggest he is entitled to relief, the Court GRANTS Wells Fargo's motion. Jones has LEAVE TO AMEND his complaint within twenty-one days to cure the deficiencies in his complaint.

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO
DISMISS

## I. BACKGROUND

On October 26, 2005, Jones recorded a deed of trust against his home in Antioch, California to secure a $350,000 mortgage from Wells Fargo. Dkt. No. 10 ¶ 3.[1] By January 15, 2009, the value of Jones' home had fallen to $76,400, but his mortgage was nearly fifteen times that. *Id.* ¶ 4. Jones tried to maintain his monthly payments, but eventually he fell behind. *Id.* ¶ 5. The property was sold in June 2009 for $70,000. *Id.* ¶ 4.

In exploring debt consolidation and loan modification options, Jones discovered that Wells Fargo had failed to make certain disclosures as required by the Truth in Lending Act (TILA), concealed or misrepresented terms of the mortgage agreement to him, improperly securitized his mortgage, and breached the contract to modify the terms of his loan. *Id.* ¶¶ 6-7, 9. Jones, representing himself, sued Wells Fargo in the Superior Court of California for Contra Costa County. Dkt. No. 1, Ex. A. Wells Fargo removed the action to this Court, alleging diversity jurisdiction, and subsequently moved to dismiss Jones' complaint. Dkt. Nos. 1, 6. Jones amended his complaint and currently asserts the following claims: (1) fraudulent inducement to breach the contract; (2) two claims for violations of TILA; (3) fraud and conspiracy to commit fraud; (4) violation of California Civil Code § 2923.5; (5) three claims under California Business & Professions Code § 17200; (6) violation of the Fair Credit Reporting Act; (7) defamation; (8) publication in a false light; and (9) breach of contract. *See generally* Dkt. No. 10. The amended complaint demands declaratory relief, injunctive relief, and damages. *Id.*

Wells Fargo moves to dismiss Jones' amended complaint, arguing that Jones alleges insufficient facts to state a plausible claim. Dkt. No. 12. Wells Fargo also requested judicial notice of several documents which it alleges support its motion. Dkt. No. 13.

The parties consented to the jurisdiction of a magistrate judge, and the Court held a hearing on the motion on May 22, 2013. Dkt. Nos. 15, 20, 21. Jones failed to appear and has not sought to explain the failure. *Id.*

---

[1] These facts are alleged in Jones' first amended complaint, Dkt. No. 10.

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO DISMISS
2

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 2101 (2012). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

**A.  Wells Fargo's Request for Judicial Notice**

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO DISMISS

3

either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008). In addition, under Federal Rule of Civil Procedure 10(c), a court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). The court may not judicially notice the truth of the disputed facts contained in such a document, however. *Lee*, 250 F.3d at 689.

Wells Fargo requests judicial notice of (A) the deed of trust recorded on October 3, 2005 in the Contra Costa County Recorder's Office; (B) a certificate of corporate existence issued by the Office of Thrift Supervision for World Savings Bank, FSB; (C) the charter of Wachovia Mortgage, FSB; (D) an official certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with Wells Fargo Bank, N.A.; (E) a grant deed dated May 29, 2009 recorded in the Contra Costa County Recorder's Office on June 4, 2009; and (F) a full reconveyance dated June 19, 2009 and recorded in the Contra Costa County Recorder's Office on June 25, 2009. Dkt. No. 13, Exs. A-F.

Each of these documents is an official county or federal government record, available within the public record, the accuracy of which can be readily ascertained. Jones asks for Wells Fargo's request for judicial notice to be denied in his opposition but does not dispute the authenticity or accuracy of any particular document. Dkt. No. 18 at 2, 27. Some of the facts Jones alleges in his complaint, however, contradict the facts contained within these documents. Accordingly, the Court will judicially notice the existence of these documents, but does not rely on any of the facts contained within them in resolving the motion.

**B.    The Sufficiency of Jones' Complaint**

The Court considers whether Jones' complaint states sufficient facts to make his claims for relief plausible.

**1.    Fraud**

Jones brings three claims against defendants based in fraud: (1) fraudulent inducement to breach the contract; (2) common law fraud; and (3) conspiracy to commit fraud. Under Federal Rule of Civil Procedure 9(b), Jones "must state with particularity the circumstances constituting fraud or mistake." "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted, brackets in original).

Jones states that he was "fraudulently induced to breach the contract." He also alleges that "defendants had no intent of actually providing Plaintiff with a meaningful loan modification," which suggests that they had represented that they would, but does not provide sufficient facts to describe the representation. For each of these three claims, Jones fails to plead facts that discuss what representations were made by whom and when. These claims do not satisfy the heightened pleading requirements under Rule 9(b), and so the Court GRANTS defendants' motion. Jones has LEAVE TO AMEND his fraud claims if he can plead the facts that would state a claim of fraud with the specificity required under Rule 9(b).

**2.    California Civil Code § 2923.5 and Business & Professions Code § 17200**

California Civil Code § 2923.5 requires a mortgage servicer to contact borrowers "in person or by phone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" prior to recording a notice of default. Wells Fargo contends that Jones cannot state a claim under § 2923.5 because he is not facing foreclosure. Jones' home was sold in June 2009. Dkt. No. 10 ¶ 4. Jones also alleges, however, that a notice of default was recorded in July 2009. *Id.* ¶¶ 3, 35, 94. Jones does not state enough facts about the notice of default and the sale of his home to clarify whether his home was sold in foreclosure, or whether a notice of default was recorded prior to the sale. Because Jones failed to appear at the hearing, this question remains unanswered.

In any event, the only remedy under § 2923.5 is postponement of the sale in order for the lender to comply with the statutory requirements. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Ct. App. 2010). Because Jones pleads no facts that show he is currently facing foreclosure, the only remedy provided by the statute is unavailable to him. His claim therefore fails. Because the § 2923.5 claim fails, so do his three claims under California Business & Professions Code § 17200 predicated on his allegations that Wells Fargo violated § 2923.5. Jones' claims of unfair business practices under § 17200 must be based on some other violation of law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).

The Court GRANTS defendants' motion to dismiss Jones claims under §§ 2923.5 and 17200. Jones has LEAVE TO AMEND his claim under § 2923.5 if he can plead facts that show the statute provides a remedy to him. If Jones amends his complaint, he may restate his § 17200 claim as well.

### 3. Truth in Lending Act

Jones's first TILA claim alleges that Wells Fargo failed to disclose material terms of his mortgage at the time he entered into the loan agreement in October 2005. Dkt. No. 10 ¶ 17. Specifically, he alleges that Wells Fargo failed to provide him with "accurate and clear and conspicuous material disclosures," "fail[ed] to fully inform [him] of the pros and cons of the mortgage presented for final approval," and "fail[ed] to properly disclose the interest rate on the loan." *Id.* ¶ 17. In his second claim under TILA, Jones alleges that Wells Fargo engaged in the predatory lending practice of marketing the loan in a way that failed to disclose the material terms, such as closing costs and premiums. *Id.* ¶¶ 43-44. Jones further alleges that this practice also violated California Business & Professions Code § 17200. *Id.* ¶ 42.

TILA has a one year statute of limitations in which to bring claims. 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO DISMISS
6

the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* District courts are divided on whether the four-year statute of limitations under California's § 17200 can be used to extend the window in which to bring a claim under TILA. *Compare Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1099 (N.D. Cal. 2008) ("The UCL does not mandate additional disclosures that are substantively inconsistent with TILA's, and therefore does not bring the UCL within the scope of TILA's preemption provision.") *with Silvas v. E\*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1320 (S.D. Cal. 2006) *aff'd*, 514 F.3d 1001 (9th Cir. 2008) ("[T]his is an attempt to use California's UCL to regulate Defendant's lending activities, to secure damages under state law for alleged TILA violations when a federal cause of action is no longer available. The application of the UCL to Defendant as a federal thrift is therefore, in this instance, preempted."). The Ninth Circuit has stated, however, that an attempt to take advantage of the longer statute of limitations under § 17200 to remedy an otherwise time-barred TILA violation "is an attempt to enforce a state regulation in an area expressly preempted by federal law." *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008). This Court therefore declines to extend the statute of limitations in which to bring a TILA claim by joining it with the four-year statute of limitations in which to bring a claim under § 17200.

Here, Jones asserts that "any and all statues of limitations related to disclosures and notices [under TILA] were tolled due to the hidden nature of this violation, which did not reveal itself until within the past year." *Id.* ¶ 18. This statement does not state any facts about when Jones discovered the violations. It states a legal conclusion about equitable tolling. A court is not required to accept as true conclusory allegations. *Manzarek*, 519 F.3d at 1031. In the absence of facts that show Jones is entitled to equitable tolling, the general rule starts the limitations period at the time of origination, here October 2005. As Jones' claims fall outside the one-year statute of limitations, the Court GRANTS Wells Fargo's motion to dismiss Jones' claims under TILA and the § 17200 claim based on them. Nevertheless, this deficiency could be cured by amendment, and so the Court gives Jones

LEAVE TO AMEND to plead additional facts supporting his TILA violations, particularly those that show when and how he discovered the violations and that might demonstrate that the limitations period should be tolled.

### 4. Violation of the Fair Credit Reporting Act, Defamation, and Publication in a False Light

Jones alleges that Wells Fargo reported Jones' delinquency in his loan payments to credit agencies despite knowing that its lending practices were unlawful. Dkt. No. 10 ¶ 62. Section 1681s-2 of the Fair Credit Reporting Act (FCRA) prohibits a person from furnishing information to any consumer reporting agency that the person "knows or has reasonable cause to believe" is false. 15 U.S.C. § 1681s-2(a). "[T]he statute expressly provides that a claim for violation of this requirement can be pursued only by federal or state officials, and not by a private party." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). In order enforce his rights under the FCRA, Jones must first notify Wells Fargo that he disputes the information reported by Wells Fargo. *See* 15 U.S.C. § 1681s-2(b); *Gorman*, 584 F.3d at 1162 (holding that there is a private right of action under § 1681s-2(b) to enforce requirement that furnisher conduct reasonable investigation into consumer dispute and report results of the investigation to credit reporting agency). In addition, Jones must plead facts to show that the "omission of the dispute was misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* at 1163. Jones' claim does not make clear that he has filed any dispute with Wells Fargo, that Wells Fargo failed to conduct or failed to report the results of an investigation, or that these failures had an adverse effect on his credit. The Court therefore GRANTS Wells Fargo's motion to dismiss this claim. Jones has LEAVE TO AMEND, however, to plead additional facts in order to state a claim under the FCRA.

### 5. Defamation and Publication in a False Light

Jones also alleges that Wells Fargo defamed him and portrayed him in a false light by reporting to credit agencies that he fell behind on his loan payments. *Id.* ¶¶ 65, 76-77. First, these claims are bare-boned and state no facts that allow the Court to draw an

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO DISMISS

8

inference of a plausible claim. Second, the FCRA may preempt state law claims of defamation and publication in a false light. *Gorman*, 584 F.3d at 1166-67 (noting that two sections of the FCRA conflict as to whether it preempts all state law claims based on a creditor's reporting responsibilities and declining to decide the issue despite the fact that "attempting to reconcile the two sections has left district courts in disarray"). But, even if Jones' claims are not preempted by the FCRA, he must still plead—in addition to the common law elements of defamation and publication in a false light—that Wells Fargo reported false information with malice or willful intent to injure. *Id.* at 1168. In this context, malice means made with knowledge or reckless disregard of the falsity of the statement. *Id.* Because Jones fails to plead sufficient facts to state a plausible claim for defamation and publication in a false light, and does not plead any facts that would show Wells Fargo acted with malice, the Court GRANTS the motion to dismiss with LEAVE TO AMEND to cure these deficiencies.

**6. Breach of Contract**

Plaintiff alleges that in February 2008, he "attempted to mitigate tangible and economic injury through a loan modification contract with defendant." Dkt. No. 1 ¶ 83. He alleges that defendants "continually breached their contractual obligations under the loan modification agreement(s)." *Id.* ¶ 90. He also states, however, that Wells Fargo "refused to agree to reasonable debt reduction terms and conditions sufficient to validate a viable loan adjustment plan." *Id.* ¶ 83. This last fact undermines Jones' allegation that a contract to modify his loan existed at all. In order to plead a breach of contract, he must first plead the existence of a valid contract. *Roth v. Malson*, 67 Cal. App. 4th 552, 557 (Ct. App. 1998). Jones fails to do so. Accordingly, the Court GRANTS the motion to dismiss this claim with LEAVE TO AMEND if Jones can allege the elements of contract claim and plead facts showing that an agreement to modify his loan existed.

**7. Declaratory Relief**

Jones seeks declaratory relief "as to who the actual owner of the property is." Dkt. No. 10 ¶ 93. He asserts that he is the true owner and seeks a declaration to that effect. *Id.*

He also seeks a declaration that the notice of default issued in July 2009 is invalid. *Id.* ¶ 94.

Jones' claim for declaratory relief is vague. Although he alleges that a notice of default was recorded in July 2009, he also states that his home was sold in June 2009. In his opposition, Jones attacks the chain of title and Wells Fargo's ability to foreclose, but never expressly alleges that Wells Fargo foreclosed upon his property. Given this lack of clarity, the Court GRANTS the motion to dismiss this claim. Jones has LEAVE TO AMEND this claim if he chooses to amend the rest of his complaint.

## IV. CONCLUSION

Because Jones fails to plead sufficient facts to state a plausible claim for relief, the Court GRANTS Wells Fargo's motion to dismiss in its entirety. Jones has LEAVE TO AMEND his complaint to cure the deficiencies and must file any amendment by June 19, 2013. If Jones chooses not to amend his complaint, the case will be dismissed with prejudice. The Court will hold a case management conference on July 31, 2013 at 10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco.

IT IS SO ORDERED.

Date: May 29, 2013

Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-00903 NC
ORDER GRANTING MOTION TO DISMISS
10