UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., and others,<br><br>    Defendants. | Case No. 13-cv-00903 NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AFTER DISMISSAL WITH PREJUDICE** |

On May 29, 2013, the Court granted Wells Fargo's motion to dismiss Jones' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 22. The Court gave Jones until June 19, 2013 to amend his complaint to cure its deficiencies and warned that failure to amend would result in dismissal of his case with prejudice. *Id.* This deadline passed, and Jones did not amend his complaint. On July 23, 2013, the Court dismissed Jones' case with prejudice for the reasons set forth in the Court's May 29 order and ordered the Clerk to terminate the case. Dkt. No. 26.

On July 29, 2013, Jones filed a motion for leave to file a second amended complaint, attaching his proposed amendment. Dkt. No. 27. In this filing, Jones does not state why he failed to file his amendment within the twenty-one days the Court granted him. Jones also does not state any reason why he is entitled to relief from the Court's July 23 order. Accordingly, Jones' motion for leave to file a second amended complaint is DENIED.

//

If Jones wishes to set aside the Court's July 23 order, he must comply with the requirements of Federal Rule of Civil Procedure 60(b). Rule 60(b) allows relief from a final judgment or order due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) where the judgment is void; (5) where the judgment has been satisfied, released or discharged; or it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Alternatively, Jones may appeal this Court's decision to the Ninth Circuit Court of Appeals. The Court's July 23 order dismissed all claims and terminated the case and is therefore "an order from which an appeal lies," under Federal Rule of Civil Procedure 54.

The Court reminds Jones that he may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Legal Help Center, which provides information and limited-scope legal advice to pro se litigants in civil cases. The Legal Help Center requires an appointment, which can be made by calling (415) 782-8982.

IT IS SO ORDERED.

Date: August 2, 2013

Nathanael M. Cousins
United States Magistrate Judge